**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RONNIE C. GARCIA,

      Petitioner,

v.                                        Civ. 14-750 LH/KK

ROBERT STEWART *et al.*,

      Respondents.

<u>**MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**</u>

THIS MATTER is before the Court on Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) ("Petition"), filed August 20, 2014. Having meticulously reviewed the pleadings and the record before the Court, the undersigned finds Petitioner's claims to be without merit. The undersigned therefore recommends that the Court DISMISS the Petition WITH PREJUDICE.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 26, 2012, a jury found Petitioner Ronnie C. Garcia guilty of possession of methamphetamine, possession of drug paraphernalia, driving with a suspended or revoked license, and driving without insurance, in Cause Number D-1116-CR-2011-941 in the District Court for the State of New Mexico, County of San Juan. (Doc. 9-1 at 1-2; Doc. 9-4 at 76.) Petitioner was also charged with careless driving in Cause Number D-1116-CR-2011-941, but the State of New Mexico ("State") dismissed that charge on October 10, 2012. (Doc. 9-4 at 74.) On October 24, 2012, Petitioner pled guilty to creating, delivering, or possessing with intent to deliver a counterfeit substance in Cause Number D-1116-CR-2012-742 in the same court. (Doc. 9-1 at 2; Doc. 9-4 at 79-80.) The state district court consolidated and entered one judgment and

sentence on both cases, sentencing Petitioner to a total term of imprisonment of 11 years, with all but 8 years suspended, followed by one year of parole.   (Doc. 9-1 at 3-4, 9-10, 15-16.) Petitioner's sentence was premised in part on a finding that Petitioner was a habitual offender with three prior felony convictions.  (*Id.* at 2, 8, 14.)  At the time of sentencing, on December 4, 2012, the three prior felony convictions used to enhance Petitioner's sentence were those obtained in Cause Numbers D-1116-CR-2000-361-1, D-1116-CR-2001-419-4, and D-1116-CR-2005-269.  (*Id.* at 2.)

The charges against Petitioner in Cause Number D-1116-CR-2011-941 arose out of a traffic stop on October 14, 2011.  (Doc. 9-1 at 36, 55; Doc. 13-1 at 60.)  San Juan County Sheriff's Deputy Slindee initiated the stop after he saw the vehicle Petitioner was driving "suddenly jerk and switch lanes without signaling, causing another car to apply its brakes to avoid a collision."  (Doc. 9-1 at 55.)  "When Deputy Slindee asked [Petitioner] for his license and proof of insurance, [Petitioner] stated that his license had been revoked and could not provide proof of insurance."  (*Id.* at 55-56.)  Deputy Slindee subsequently learned from dispatch that Petitioner's license was suspended, and that there were three active warrants for Petitioner's arrest.  (*Id.* at 56.)  He therefore arrested Petitioner, and, during a search incident to the arrest, found a syringe cap in Petitioner's pocket.  (*Id.*)  Petitioner's only passenger was arrested for an unrelated reason, and the vehicle Petitioner was driving was towed and inventoried.  (*Id.*) During the inventory search of the vehicle, a "syringe which was filled with a clear liquid substance, later determined to contain methamphetamine[,] was found in the pocket of the driver's side door."  (*Id.*)  At trial, Deputy Slindee testified that he gave Petitioner *Miranda* warnings after his arrest, but "acknowledged that [Petitioner] did not sign a waiver of rights form nor was their conversation recorded."  (*Id.* at 50-51, 56.)  "[W]hen the deputy advised

2

[Petitioner] of his *Miranda* rights, [Petitioner] began to cry and mumbled 'methamphetamine.'"
(*Id.* at 50-51.)

Petitioner appealed his convictions in Cause Numbers D-1116-CR-2011-941 and D-1116-CR-2012-742 on December 6, 2012, and argued in subsequent appellate pleadings that the State had presented insufficient evidence to support the jury's guilty verdicts in Cause Number D-1116-CR-2011-941.   (*Id.* at 26, 37-38, 57; Doc. 9-4 at 76.)   The New Mexico Court of Appeals ultimately affirmed the verdicts in a Memorandum Opinion filed August 5, 2013.  (Doc. 9-1 at 65-70.)   On August 19, 2013, Petitioner petitioned for a writ of certiorari, (*id.* at 71), which the New Mexico Supreme Court denied on September 13, 2013.  (*Id.* at 95.)

Petitioner filed a *pro se* petition for a writ of habeas corpus in state district court on November 8, 2013, asking the court to vacate, set aside, or correct his sentence in Cause Numbers D-1116-CR-2011-941 and D-1116-CR-2012-742.  (Doc. 9-2 at 1-13.)  As his first basis for relief, Petitioner claimed that his trial counsel, Mark Curnutt, provided him with ineffective assistance by failing to object to, or present exculpatory evidence regarding, one of the prior felony convictions used to enhance Petitioner's sentence.  (*Id.* at 4-5.)  Specifically, Petitioner argued that his conviction in Cause Number D-1116-CR-2000-361-1 should not have been used to enhance his sentence because it was more than ten years old.  (*Id.*)  Petitioner also claimed in his state habeas petition that Mr. Curnutt provided him with ineffective assistance by failing to file motions to suppress:  (1) "physical evidence and statements resulting from the traffic stop based on a lack of reasonable suspicion to support the stop," (2) "statements based on a lack of *Miranda* warnings," and, (3) "physical evidence from the inventory search."  (*Id.* at 6-8.)

On January 8, 2014, the state district court granted Petitioner's habeas petition in part, finding that Petitioner's conviction in Cause Number D-1116-CR-2000-361-1 was "illegally

used to enhance the Petitioner's sentence as a habitual offender from four to eight years," because Petitioner had completed service of his sentence in that cause more than ten years before the date of his conviction in Cause Number D-1116-CR-2011-941.  (Doc. 9-3 at 25-26.)  The court set a hearing "to reconsider the Petitioner's sentence in light of the above determination," and in light of the State's argument that the court should correct the illegality "by substituting another of the Petitioner's prior felony convictions that meets the 10-year limitations period." (*Id.* at 26.)  The court denied the remainder of the petition, finding that Petitioner had failed to "allege any basis upon which to conclude that a motion to suppress was warranted."  (*Id.* at 27.) On June 3, 2014, Petitioner filed a petition for writ of certiorari regarding the portion of the district court's order denying habeas relief, (Doc. 9-4 at 1-4), and the New Mexico Supreme Court denied certiorari on July 24, 2014.  (*Id.* at 47.)

Meanwhile, following an evidentiary hearing on April 24, 2014, at which Mr. Curnutt again represented Petitioner, (Doc. 9-3 at 37-38; Doc. 9-4 at 32), the state district court entered an Order for Amended Judgment and Sentence, holding that Petitioner's original judgment and sentence "should be amended to recite the Defendant's prior felony conviction in [D-1116-CR-1999-586-4] as support for the habitual offender enhancement[,] replacing reference to his felony [conviction] in [D-1116-CR-2000-361-1]."  (Doc. 9-3 at 37-38, 44.)  Petitioner appealed the May 28, 2014 Order for Amended Judgment and Sentence on June 12, 2014, arguing that the "State did not present sufficient evidence to demonstrate that [he] had three prior felonies within ten years of sentencing on this instant offense for which his current sentence could be enhanced," and that the court "erred in allowing the State to use a different prior felony conviction for enhancement purposes . . . other than those alleged at the time the sentence was originally imposed."  (Doc. 9-4 at 48, 61-62, 75.)  The New Mexico Court of Appeals affirmed the Order

4

for Amended Judgment and Sentence on December 11, 2014, and the New Mexico Supreme Court denied certiorari on February 3, 2015.  (Doc. 13-1 at 42-45, 58.)

Petitioner filed the *pro se* Petition now before the Court on August 20, 2014.  (Doc. 1.) Respondents answered the Petition on October 2, 2014, and Petitioner filed a pleading entitled "Response to Respondent[']s Answer on Pet[i]tion of Habeas Corpus" on October 29, 2014. (Docs. 9, 11.)  On May 22, 2015, Respondents filed a Notice re:  Completion of State District Court Proceedings, in which they notified the Court that appellate review of the May 28, 2014 Order for Amended Judgment and Sentence was complete.  (Doc. 13 at 1-2.)  Finally, on June 15, 2015, Petitioner filed a pleading entitled "Petitioner's Notice; Respondent[']s Last Motion That Was Filed 05/22/2015," in which he clarified the grounds for his Petition.  (Doc. 14 at 1-3.) Specifically, Petitioner stated that his "federal habeas [petition] has nothing to do with the illegal sentencing," and that he has "not even taken the steps to file a federal habeas [petition due] to the fact of the illegal sentence."  (*Id.* at 2.)  Rather, Petitioner asserted that the "federal habeas [petition] that is filed now is on ineffective assistance of counsel for not filing a motion to [suppress] the evidence on the traffic stop which was dismissed," a "motion to [suppress based on] lack of evidence supporting Miranda warnings," and a "motion to suppress [based on] lack of evidence to support the tow inventory."  (*Id.*)

## II.    PETITIONER'S CLAIMS

In his Petition, Petitioner has raised and exhausted three grounds for relief.  Specifically, Petitioner claims that his trial counsel, Mr. Curnutt, provided him with ineffective assistance by failing to move to suppress:  (1) evidence obtained as a result of the traffic stop that led to his arrest, because reasonable suspicion did not justify the stop, (Doc. 1 at 5; Doc. 9-4 at 2-3); (2) his statements, because of insufficient evidence that he was first given *Miranda* warnings, (Doc. 1 at 7; Doc. 9-4 at 2-3); and, (3) evidence obtained as a result of the inventory search of the vehicle

he was driving, because of insufficient evidence to "prov[e] the tow inventory."[1]  (Doc. 1 at 8;

Doc. 9-4 at 2-3.)

## III.   STANDARD OF REVIEW

Under 28 U.S.C. § 2254, a federal court may only grant a state prisoner's petition for a

writ of habeas corpus where the prisoner is held "in violation of the Constitution or laws or

treaties of the United States," and has, with certain exceptions not relevant here, exhausted state

court remedies.  28 U.S.C. § 2254(a)-(c).  If the prisoner's claims have been adjudicated on the

merits in state court, such a petition can only be granted if the state court's decision was contrary

to, or unreasonably applied, "clearly established Federal law, as determined by the Supreme

Court of the United States," or "was based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  When reviewing

a Section 2254 petition, a federal court must be "highly deferential" to the state court's

substantive rulings.  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

> If this standard is difficult to meet, that is because it was meant to be. . . .
> [Section] 2254(d) stops short of imposing a complete bar on federal-court
> relitigation of claims already rejected in state proceedings.  It preserves authority
> to issue the writ in cases where there is no possibility fair[-]minded jurists could
> disagree that the state court's decision conflicts with this Court's precedents.  It
> goes no further.  Section 2254(d) reflects the view that habeas corpus is a guard
> against extreme malfunctions in the state criminal justice systems, not a substitute
> for ordinary error correction through appeal.

*Harrington v. Richter*, 562 U.S. 86, 102-03 (2011).  Also, while the Court must construe

Petitioner's pleadings broadly because he proceeds *pro se*, it cannot assume the role of advocate,

---

[1] On October 29, 2014, for the first and only time in these federal proceedings, in a pleading entitled "Response to Respondent[']s Answer on Pet[i]tion of Habeas Corpus," Petitioner also made the unsworn, conclusory allegations that his attorney "objected to nothing," that "[t]he passenger was not questioned," and that "the[re] are only two (2) felonies . . . that can be used for enhancement."  (Doc. 11 at 1-2.)  However, Petitioner made none of these allegations in his Petition, (*see generally* Doc. 1), and specifically disavowed bringing a claim based on the third allegation in a later pleading entitled "Petitioner's Notice; Respondent[']s Last Motion That Was Filed 05/22/2016." (Doc. 14 at 1-2.)  The Court therefore declines to consider these allegations as separate grounds for relief.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), or generate legal theories or facts Petitioner has not himself presented.

## IV.   ANALYSIS

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). For a defendant to succeed on a claim of ineffective assistance of counsel, he must demonstrate both that "counsel's representation fell below an objective standard of reasonableness," and that "the deficient performance prejudiced the defense." *Id.* at 687-88. In applying the *Strickland* test, the Court "may address the performance and prejudice components in any order, but need not address both if [the defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

Regarding the first *Strickland* prong,

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

*Strickland*, 466 U.S. at 689. A court's review of counsel's performance is "highly deferential," *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011), and a defendant must overcome the "strong presumption" that his counsel "made all significant decisions in the exercise of reasonable professional judgment," and that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689-90. Further, when asserting an ineffective assistance of counsel claim that the state courts have rejected on the merits, the petitioner's burden is even heavier: "[t]he standards created by *Strickland* and [Section] 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (citations and internal quotation marks omitted).

> Federal habeas courts must guard against the danger of equating unreasonableness
> under *Strickland* with unreasonableness under § 2254(d).  When § 2254 applies,
> the question is not whether counsel's actions were reasonable.  The question is
> whether there is any reasonable argument that counsel satisfied *Strickland's*
> deferential standard.

*Id.*

Regarding the second *Strickland* prong, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Strickland*, 466 U.S. at 691. "To establish *Strickland* prejudice a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Lafler v. Cooper*, — U.S. —, 132 S. Ct. 1376, 1384 (2012) (citation and internal quotation marks omitted).

> When . . . the basis for the ineffective assistance claim is the failure to raise an
> issue, we must look to the merits of the omitted issue.  If the omitted issue is
> without merit, then counsel's failure to raise it is not prejudicial, and thus is not
> ineffective assistance.

*United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) (citation omitted).  The Court will consider the instant Petition in light of the foregoing standards.

A.   **The state courts reasonably determined that Petitioner received effective assistance of counsel despite counsel's failure to move to suppress evidence obtained as a result of the traffic stop leading to Petitioner's arrest.**

Petitioner first argues that his trial counsel provided him with ineffective assistance by failing to file a motion to suppress evidence obtained as a result of the traffic stop that led to his arrest.  (Doc. 1 at 5; Doc. 9-2 at 6; Doc. 9-4 at 2-3; Doc. 11 at 1; Doc. 14 at 2.)  Petitioner contends that such evidence was inadmissible under the Fourth Amendment to the United States Constitution because reasonable suspicion did not justify the stop.  (*Id.*)  Petitioner's specific basis for this contention appears to be that, after trial, the State dismissed the careless driving

charge that arose out of the stop.  (*Id.*)  In so arguing, Petitioner appears to misunderstand the concept of reasonable suspicion.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV. "A traffic stop is a 'seizure' within the meaning of the Fourth Amendment."  *United States v. Holt*, 264 F.3d 1215, 1220 (10th Cir. 2001) (en banc) (citation omitted), *holding modified on other grounds by United States v. Stewart*, 473 F.3d 1265, 1268-69 (10th Cir. 2007).  "A traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has [a] reasonable articulable suspicion that a traffic . . . violation has occurred or is occurring."  *United States v. Williams*, 403 F.3d 1203, 1206 (10th Cir. 2005) (citation omitted); *see also United States v. Winder*, 557 F.3d 1129, 1134 (10th Cir. 2009) ("A traffic stop is justified at its inception if an officer has . . . a reasonable articulable suspicion that a particular motorist has violated any of the traffic . . . regulations of the jurisdiction.").

In the present matter, the state courts reasonably and properly determined that Petitioner received effective assistance of counsel despite counsel's failure to move to suppress evidence obtained as a result of the traffic stop that led to his arrest, because undisputed facts in the state court record indicate that reasonable suspicion justified the stop.  Section 66-7-317 of the New Mexico Statutes Annotated states in relevant part that

> [w]henever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply: . . .  a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety[.]

N.M. Stat. Ann. § 66-7-317(A).  Section 66-7-325, in turn, provides that

> No person shall . . . move right or left upon a roadway unless and until such movement can be made with reasonable safety.  No person shall so turn any

vehicle without giving an appropriate signal . . . in the event any other traffic may be affected by such movement.

N.M. Stat. Ann. § 66-7-325(A).  Finally, Section 66-8-114 states that

[a]ny person who operates a vehicle in a careless, inattentive or imprudent manner, without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances is guilty of a misdemeanor.

N.M. Stat. Ann. § 66-8-114(B).

The state court record indicates that, before he stopped Petitioner on October 14, 2011, Deputy Slindee observed the vehicle Petitioner was driving "suddenly jerk and switch lanes without signaling, causing another car to apply its brakes to avoid a collision." (Doc. 9-1 at 55; Doc. 13-1 at 60.)  In these circumstances, Deputy Slindee had at least a "reasonable articulable suspicion" that Petitioner had violated the New Mexico traffic regulations set forth in Sections 66-7-317, 66-7-325, and 66-8-114.  *Winder*, 557 F.3d at 1134; *see also, e.g.*, *United States v. Burciaga*, 687 F.3d 1229, 1230 (10th Cir. 2012) (reasonable suspicion justified traffic stop where defendant, "without timely engaging his directional signal, changed from the left to the right lane on the interstate after passing the officer's patrol car"); *New Mexico v. Hubble*, 2009-NMSC-014, ¶¶ 2, 34-35, 146 N.M. 70, 206 P.3d 579 (reasonable suspicion justified traffic stop where officer observed defendant turn onto road at "T" intersection without using his turn signal).  That the State later decided not to pursue charges against Petitioner for these traffic violations, or even lacked sufficient evidence to convict him of them, is irrelevant to the Fourth Amendment analysis; what matters is whether Deputy Slindee had a reasonable, articulable suspicion that Petitioner had violated a New Mexico traffic regulation at the time of the stop, which he clearly did.  *See Hubble*, 2009-NMSC-014, ¶ 9, 146 N.M. at 70, 206 P.3d at 579 (determination of

whether officer had reasonable suspicion to make traffic stop did not "hinge on whether [the d]efendant actually violated the . . . turn signal statute").

In short, Petitioner has presented no meritorious or even arguable basis on which his trial counsel could have moved to suppress evidence obtained as a result of the traffic stop that led to his arrest.  As discussed above, when the basis for an ineffective assistance claim is "the failure to raise an issue," the Court looks to "the merits of the omitted issue.  If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance."  *Orange*, 447 F.3d at 797.  Here, Petitioner has not shown that counsel's failure to file a motion to suppress, even if deficient, was prejudicial to his defense, because the issue Petitioner claims his counsel should have raised in the motion is without merit.  *Id.*  As such, the state courts acted reasonably and in accordance with clearly established federal law in determining that Petitioner did not satisfy the *Strickland* test as to this claim, and the Court will deny Ground One of the Petition.

> **B.  The state courts reasonably determined that Petitioner received effective assistance of counsel despite counsel's failure to move to suppress Petitioner's statements pursuant to *Miranda*.**

Petitioner next claims that his trial counsel provided him with ineffective assistance by failing to move to suppress his statements based on "lack of evidence supporting Miranda warnings."  (Doc. 1 at 7; Doc. 9-2 at 7; Doc. 9-4 at 2-3; Doc. 11 at 2; Doc. 14 at 2.)  Pursuant to the Fifth Amendment to the United States Constitution, "[t]he prosecution may not use statements . . . stemming from custodial interrogation of a defendant," without first warning the defendant "that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney."  *Berkemer v. McCarty*, 468 U.S. 420, 428-29 (1984) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)).

Petitioner has never identified which of his statements his trial counsel should have moved to suppress on this basis, or when or in what circumstances he made them.  Rather, in support of this claim, he offers only:  (1) the aforementioned conclusory allegation regarding a "lack of evidence supporting Miranda warnings"; and, (2) the contention that "[n]o audio or vid[eo] recordings or written statements [were] introduced as evidence."[2]  (Doc. 1 at 7; Doc. 9-2 at 7; Doc. 9-4 at 2-3; Doc. 11 at 2; Doc. 14 at 2.)  In these circumstances, the state courts reasonably and lawfully determined that Petitioner "failed to carry his burden as to his claim that a motion to suppress his statements should have been filed for lack of Miranda warnings."  (Doc. 9-3 at 27.)

Further, Petitioner appears to have made only one statement after he was taken into custody that was subsequently used against him, and to which *Miranda* would therefore apply. *See United States v. Rodriguez*, 836 F. Supp. 2d 1258, 1291 (D.N.M. 2011) ("[A]n ordinary traffic stop and questioning, although constituting a seizure for Fourth Amendment purposes, does not involve custody for purposes of *Miranda*." (quoting *United States v. Wynne*, 993 F.2d 760, 765 n.3 (10th Cir. 1993))).  Specifically, the state court record reflects that "when [Deputy Slindee] advised [him] of his *Miranda* rights" at the San Juan County Detention Center, Petitioner "began to cry and mumbled 'methamphetamine.'"  (Doc. 9-1 at 50-51, 56.)  On direct appeal, Petitioner argued that the appellate courts should give this statement little or no weight because he "did not sign a waiver of rights form nor was [his] conversation [with Deputy

---

[2] Petitioner also refers to the "fruit of the poisonous tree" doctrine in connection with this claim, possibly meaning to argue that any statements he made in the course of the traffic stop and his subsequent arrest were inadmissible because reasonable suspicion did not justify the stop.  (Doc. 1 at 7; Doc. 9-4 at 3; Doc. 14 at 2.)  However, as discussed in Section IV.A., *supra*, the state court record indicates that reasonable suspicion *did* justify the stop, which was thus not the "poisonous tree" Petitioner claims.  *United States v. Santana-Garcia*, 264 F.3d 1188, 1191 (10th Cir. 2001) (evidence obtained as a result of detention must generally be excluded as fruit of the poisonous tree "if [the] detention was illegal").

Slindee] recorded." (*Id.* at 56, 58, 67, 73, 75-76.)  However, as Petitioner conceded,[3] and the New Mexico Court of Appeals found, Deputy Slindee did testify that he gave Petitioner *Miranda* warnings before Petitioner made the statement.  (*Id.*)  Further, Petitioner has never argued that the *Miranda* warnings Deputy Slindee described were substantively inadequate.  (*See* Doc. 1 at 7; Doc. 9-2 at 7; Doc. 9-4 at 2-3; Doc. 11 at 2; Doc. 14 at 2.)  The Court thus has no reason to deem Deputy Slindee's testimony insufficient to establish adequate *Miranda* warnings.

Petitioner's position appears to be that a deputy's sworn testimony is inherently insufficient to prove that the deputy gave a defendant *Miranda* warnings, and that the prosecution must also present a waiver of rights form and/or a video or audio recording to prove this fact.  (Doc. 11 at 2.)  The Court disagrees.  The Fifth Amendment requires that a defendant receive adequate *Miranda* warnings before custodial interrogation, not that these warnings be phrased or documented in a particular way.  *See Duckworth v. Eagan*, 492 U.S. 195, 203 (1989) (Courts "need not examine *Miranda* warnings as if construing a will or defining the terms of an easement.  The inquiry is simply whether the warnings reasonably convey to a suspect his rights as required by *Miranda*.") (citation and internal quotation marks omitted); *United States v. Muniz*, 93 F. App'x 208, 210 (10th Cir. 2004)[4] (officer's testimony that he read defendant his rights from "a *Miranda* card" not admitted into evidence was sufficient to prove that officer gave defendant standard *Miranda* warnings); *see also United States v. Granados*, 846 F. Supp. 921, 926 n.2 (D. Kan. 1994) ("An express written or oral statement of waiver of [*Miranda*] rights . . . is not inevitably either necessary or sufficient to establish waiver.").

---

[3] The attorney who made this concession on Petitioner's behalf was *not* Mr. Curnutt, but rather Assistant Appellate Defender Kathleen Baldridge.  (Doc. 9-1 at 64, 81.)  Petitioner has never claimed that Ms. Baldridge provided him with ineffective assistance.

[4] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

For the foregoing reasons, Petitioner has identified no meritorious or arguable basis on which his trial counsel could have filed a motion to suppress his statements based on *Miranda*, and so has not shown that counsel's failure to file such a motion prejudiced his defense. *Orange*, 447 F.3d at 797. The state courts therefore acted reasonably and in accordance with clearly established federal law in determining that Petitioner did not satisfy the *Strickland* test as to his claim based on *Miranda*, and the Court will deny Ground Two of the Petition.

### C. The state courts reasonably determined that Petitioner received effective assistance of counsel despite counsel's failure to move to suppress evidence obtained as a result of the tow inventory search.

Finally, Petitioner claims that his trial counsel provided him with ineffective assistance by failing to move to suppress evidence obtained during the inventory search of the vehicle Petitioner was driving on October 14, 2011. (Doc. 1 at 8; Doc. 9-2 at 8; Doc. 9-4 at 2-3; Doc. 11 at 1; Doc. 14 at 2.) In support of this claim, Petitioner appears to argue that evidence obtained during the search was inadmissible because "no invento[r]y sheet was ever introduced or proven in court."[5] (Doc. 11 at 1.) However, Petitioner has not cited, and the Court is not aware of, any authority requiring the fact or results of an inventory search to be proven by means of an "inventory sheet," for other evidence of the fact or results of the search to be constitutionally admissible. Petitioner has identified no meritorious or arguable basis on which his trial counsel could have moved to suppress evidence obtained as a result of the inventory search, and so has not shown that trial counsel's failure to file such a motion prejudiced his defense. *Orange*, 447 F.3d at 797. The state courts therefore acted reasonably and in accordance with clearly

---

[5] Also, Petitioner again refers to the "fruit of the poisonous tree" doctrine in connection with this claim, possibly meaning to argue that evidence obtained as a result of the tow inventory search was inadmissible because reasonable suspicion did not justify the stop that led to the search. (Doc. 1 at 8; Doc. 9-4 at 3; Doc. 14 at 2.) However, as discussed in Section IV.A., *supra*, the state court record indicates that reasonable suspicion *did* justify the stop, which was thus not the "poisonous tree" Petitioner claims. *Santana-Garcia*, 264 F.3d at 1191.

established federal law in determining that Petitioner did not satisfy the *Strickland* test as to this claim, and the Court will deny Ground Three of the Petition.

## V.   CONCLUSION

For the forgoing reasons, Petitioner has failed to state any viable claims for relief under 28 U.S.C. § 2254.  The undersigned therefore RECOMMENDS that his Petition be DISMISSED WITH PREJUDICE.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**